FRED C. EHNES, PLAINTIFF-APPELLANT, v. LOUIS HRONIS AND KATHERINE L. HRONIS, HIS WIFE, DEFENDANTS-RESPONDENTS.

Submitted October 31, 1941—Decided January 9, 1942.

For the plaintiff-appellant, *Jacob J. Greenman* (*Emanuel P. Scheck*, of counsel).

For the defendants-respondents, *Saros & Saros* (*Nicholas Saros*, of counsel).

The opinion of the court was delivered by

COLIE, J. This appeal is from a judgment of the Supreme Court which affirmed a judgment of the District Court of the Second Judicial District of Essex County in favor of the defendants-respondents.

Ehnes brought suit against Louis Hronis and Katherine L. Hronis, one count of the state of demand based upon a promissory note for $300 given on June 1st, 1928, to New Jersey Cash Credit Corporation; the other count upon an alleged covenant contained in a chattel mortgage under seal, given on June 28th, 1928, to secure the payment of $300. The pertinent provision in the chattel mortgage reads:

"Upon Condition, that if the borrower shall do well and truly pay unto the New Jersey Cash Credit Corporation, the sum of $300 this day lent by New Jersey Cash Credit Corporation, to the borrower in 20 instalments of $15 on the 10 day of each month successively from date hereof, together with interest on the unpaid balance of said loan, at the rate of 3% a month, until said loan with interest is fully repaid, which payments the borrower hereby covenant to make promptly at the office of the New Jersey Cash Credit Corporation, then these presents shall be void;"

The plaintiff offered in evidence the note and chattel mortgage and testified to his ownership of each, and to the amount due him. The defendant Katherine L. Hronis testified that she was an infant on June 1st, 1928, when the note and chattel mortgage were executed. She also testified that the last payment on account of the obligation was made on June 29th, 1929, but she did not testify as to her infancy on the latter date. The appellant concedes that the judgment for the wife, on the ground of her infancy, is correct and consequently we have nothing to say on this point. With the evidence in this status, the defendants moved for entry of judg-

ment in their favor on the ground that recovery was barred by the statute of limitations. If the provision quoted above from the chattel mortgage is not a covenant under seal, the claim would be barred by the six year statute of limitations (*R. S.* 2:24-1); if it is a covenant under seal, it would be barred at the end of sixteen years (*R. S.* 2:24-5). The District Court Judge and the Supreme Court held that the quoted provision was a condition and not a covenant. The paragraph under consideration commences, "Upon condition, that if * * *" followed by the terms and conditions of payment. It then goes on to read: "which payments the borrower hereby covenant to make promptly at the office of the New Jersey Cash Credit Corporation, then these presents shall be void." That the instrument is to become void upon payment is clearly expressed without taking into consideration the provision reading "which payments the borrower hereby covenant to make promptly." To give no meaning to the latter is to rewrite the contract. In *Bullowa* v. *Thermoid Co.,* 114 *N. J. L.* 205 (at *pp.* 209-10) this court said: "Effect, if possible, will be given to all parts of the instrument, and a construction which gives a reasonable meaning to all its provisions will be preferred to one which leaves a portion of the writing useless or inexplicable; and if this is impossible, a construction which gives effect to the main apparent purpose of the contract will be favored. The freedom of construction permissible is, however, necessarily limited by the principle that unexpressed intention is of no legal effect. Where there is a repugnancy between the general clauses and specific ones, the latter will govern; and even if there is no actual repugnancy, taking the words of the contract literally, and from the whole instrument it appears that the purpose of the parties was solely directed to the particular matter to which the special clause or words relate, the general words will be restrained. *Williston on Contracts,* § 619; 13 *C. J.* 535. A construction that will void a clause of the contract for repugnancy, or the entire instrument for uncertainty, is to be avoided, if possible." *Cf. Restatement of Contracts,* § 236, and New Jersey cases cited thereunder. The primary intent of the parties, as expressed in the writing, was the

payment for the chattels; the secondary intent, security for such payment. The mortgage contained an independent covenant to pay the amount due, inserted in the contract parenthetically, but nevertheless plainly stated as a covenant. This brings the situation within the rule as stated in *Lembeck & Betz Brewing Co.* v. ·*Krause,* 94 *N. J. L.* 219. The fact that the note is outlawed by the six year statute of limitations does not militate against recovery of the amount due on the covenant contained in the contract under seal as to which the limitation is sixteen years.

The judgment under appeal is reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Parker, Case, Donges, Heher, Perskie, Colie, Dear, Wells, WolfsKeil, Rafferty, Hague, Thompson, JJ.   14.